### BOOKER v. REILLY.

(Supreme Court, Appellate Division, Second Department. June 12, 1903.)

1. LIENS—FURNITURE MOVER—TAKING POSSESSION OF GOODS NOT MOVED

A mover of furniture acquires no lien on a sewing machine which he was directed not to move, and which he in fact did not move, but possession of which he gained without the owner's consent, after refusal to pay his bill.

Appeal from Municipal Court of City of New York.

Action by Sallie Booker against Peter F. Reilly. Judgment for defendant, and plaintiff appeals. Reversed.

Argued before BARTLETT, WOODWARD, HIRSCHBERG, JENKS, and HOOKER, JJ.

Samuel F. Edmead, for appellant.

HIRSCHBERG, J. I think there should be a new trial of this case, in the interests of justice. Neither party was represented on

the trial by counsel during the greater part of the proceedings, and the defendant was not represented by counsel at all. The court elicited the statements of the witnesses, and they freely testified on both sides to mere matters of hearsay. The action is in replevin for the recovery of the plaintiff's sewing machine, valued at $65, which the defendant has in his possession, and which he claims the right to retain by virtue of a lien to secure the sum of $4, a balance of a claim for moving the plaintiff's furniture. According to the plaintiff's story, she met a colored man who informed her that he was working for the defendant, and she asked him to find out and let her know how much the defendant would move her things for, from her residence in Brooklyn to the Old Dominion Wharf in Manhattan. He returned with the information that the charge would be $8. She agreed to the amount, and told him to call on the following Wednesday for the things. On that day he came with the defendant's van and another colored man, who was in the defendant's employ as a driver, but they were unable to take everything in one load, and it was agreed that they would call for the remaining articles the next day—Thursday. She paid the first colored man the $8 on Wednesday, and on Thursday the second load was taken as agreed upon. She testified further that after that, on Thursday, the driver of the van came to the place where she was working and demanded $4 more, saying that the charge was $6 a load. She told him that the other man said the whole charge would be $8, and that she had paid him that amount, and could not pay any more. The driver then went away, and when she went home that afternoon or evening she found that he had again been to the house, and had taken the sewing machine away; telling the girl in charge that she (the plaintiff) had sent him there to get it. On subsequent demand of the defendant for the return of the machine, he informed her that he held it for the $4. She testified positively that the machine was not to be moved with the other things, and that she told the men that fact on Wednesday; one of them being concededly in the defendant's employ. Her evidence on this point is corroborated by the fact that the machine was not moved with the other things. According to the defendant's story, the colored man who came to see him about carting the goods was not in his employ at all. The man asked him how much he would charge for the moving, and he replied $6 a load. On that understanding he sent his van and driver with this man to the plaintiff's premises, and after the first load was taken the man paid the driver $6 for it; they arranging together, according to the defendant's hearsay testimony, and without any apparent authority from him, that only $4 would be charged for the load on Thursday, with $1 extra for crating the sewing machine, the driver saying that it would not be received on the wharf uncrated. Neither the defendant's driver nor the first colored man was examined as a witness. The plaintiff's testimony to the effect that the sewing machine was not to be moved, and that she so told the defendant's driver, was, of course, undisputed. The defendant admitted that the two loads were taken to the wharf without the machine, and that his driver thereafter went to the plaintiff's house on a third trip, took the machine therefrom uncrated, and brought it directly to the defendant's

premises. It thus clearly appears that the sewing machine was not, in fact, carted or moved for the plaintiff, and that it was not taken away from her possession at all until after she had notified the defendant's driver that she would resist the claim for the $4.

The discrepancy between the amount of the defendant's demand and what would have been owing to him at $6 a load is suggestive of the possibility that he may be mistaken in saying that he has only received $6, and that he may, in fact, have received the $8 which the plaintiff paid. His legitimate claim at $6 a load would be $12, and a credit of $8 would leave the exact amount for which he claims to hold the sewing machine. In this connection, the defendant's failure to produce the driver as a witness—he having received the money, and being still in the defendant's employ—is of some significance. Aside from this consideration, however, the uncontradicted fact that the sewing machine was not to be moved at all, coupled with the conceded facts that the two loads were taken to the wharf, as intended, without it, and that the defendant afterwards took the sewing machine into his own possession without even the pretense of any authority from the plaintiff for that act, and that he accordingly did not, in any view of the case, perform any service whatever in respect to the machine which would operate, in law, to create a lien upon it, renders the judgment dismissing the complaint upon the merits clearly erroneous. The judgment should therefore be reversed.

Judgment of the Municipal Court reversed, and a new trial ordered; costs to abide event. All concur.